UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE ABLAHAD,

        Plaintiff,

                                    Case No.: 15-14009

v.                                   Honorable Gershwin A. Drain

CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE [#16]

### I.    INTRODUCTION

On December 17, 2015, Plaintiff Lawrence Ablahad filed an Amended Complaint alleging that his former employer, Defendant Cellco Partnership d/b/a Verizon Wireless, violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") when it terminated his employment for absences due to his mother's and his serious health condition.

Presently before the Court is the Defendant's Motion to Exclude Evidence, filed on September 22, 2016. This matter is fully briefed and upon review of the parties' briefing, the Court concludes that oral argument will not aid in the

disposition of this matter. Accordingly, the Court will resolve the instant motion on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will grant Defendant's Motion to Exclude Evidence.

## II.   FACTUAL BACKGROUND

Defendant provides wireless products and services to retail customers. Plaintiff worked at Defendant's Roseville, Michigan retail store as a Solutions Specialist selling products and providing customer service. Beginning on September 4, 2014, Defendant approved intermittent FMLA leave so that Plaintiff could care for his mother's serious health condition. Defendant also approved Plaintiff for intermittent FMLA leave for his own serious health condition. Plaintiff claims he was terminated because of FMLA-covered work absences.

Conversely, Defendant claims that Plaintiff's employment was terminated by his supervisor, Michael Orlando, because Plaintiff engaged in fraudulent and dishonest conduct, in violation of Defendant's Code of Conduct, by overestimating the value of cellular phones that customers traded-in. This conduct increased Plaintiff's sales commissions and the amount of trade-in credit due to customers. Defendant claims Plaintiff's actions caused significant financial harm. Plaintiff asserts that Defendant's reason for terminating his employment is pretext for discrimination.

Plaintiff applied for Michigan unemployment benefits with the Michigan Employment Security Commission ("MESC"). Defendant opposed Plaintiff's unemployment claim because of Plaintiff's violation of Defendant's Code of Conduct and resulting financial harm suffered by Defendant. At the MESC hearing, Orlando provided testimony in support of Defendant's claim.

Plaintiff was deposed on July 26, 2016. During his deposition, Plaintiff indicated that he intended to rely on the testimony given by Orlando during his unemployment proceedings. Defendant argues that Michigan statutory and case law prohibit the admission of such testimony in a subsequent civil proceeding.

### III. LAW & ANALYSIS

Section 11 of the Michigan Employment Security Act ("MESA"), MICH. COMP. LAWS § 421.1 *et seq.* governs the issue raised in Defendant's present motion. Section 11 states in relevant part:

> Information obtained from any employing unit or individual pursuant to the administration of this act and determinations as to the benefit rights of any individual are confidential and shall not be disclosed or open to public inspection other than to public employees and public officials in the performance of their official duties under this act and to agents or contractors of those public officials[.]

MICH. COMP. LAWS § 421.11(b)(1). The Michigan Supreme Court has held that information obtained in an unemployment benefits hearing cannot be used in subsequent civil proceedings. *See Storey v. Meijer, Inc.*, 421 Mich. 368; 429

N.W.2d 169, 173 (Mich. 1988) ("We find that §11(b)(1) clearly and unambiguously prohibits the use of MESA information and determinations in subsequent civil proceedings unless the MESC is a party to the complainant in the action."); *see also Brown v. Gojcaj Foods, Inc*., No. 09-14537, 2011 WL 3958468, at *4 (E.D. Mich. Sept. 8, 2011) (concluding that "Plaintiff is prohibited from utilizing any materials provided to, and any statements made to the Michigan Unemployment Insurance Agency" because "[a]ny statements or representations to the [agency] are privileged, confidential, and inadmissible in any court proceeding.")

Relying on *Sias v. General Motors Corp*., 127 N.W.2d 357 (Mich. 1964), Plaintiff argues that Orlando's testimony from the unemployment benefits hearing is admissible for purposes of cross examination. However, *Sias* is not applicable because it analyzed a version of the MESA that no longer exists today. The plaintiff in *Sias* sued his former employer for slander after management told his former co-workers that he had been fired for stealing. *Id.* at 360. At trial, the court allowed the plaintiff's counsel to use the transcript from the plaintiff's MESC hearing to cross examine defense witnesses. The Michigan Court of Appeals rejected the defendant's argument that it was error for the trial court to allow the transcript for purposes of cross examination. *Id*.

At the time *Sias* was decided, some fifty-two (52) years ago, the version of

the MESA that was in effect only prohibited the use of MESC records as a basis for a libel or slander action. Today there is a broader prohibition in effect under the MESA-namely that any information obtained during MESC proceedings is confidential and prohibited from any disclosure, and in particular, "shall not be disclosed in any proceeding or action before any court . . . unless the commission is a party to or complainant in the action . . . ." MICH. COMP. LAWS § 421.11(b)(1). The Michigan Court of Appeals has recognized that the scope of MESA's prohibition on use of MESC materials is broader today than it was in 1964 and that, as a result, *Sias* no longer controls:

> The trial court in this case relied on *Sias v. General Motors Corp.*, 372 Mich. 542, 127 N.W.2d 357 (1964), to support its conclusion that the aforementioned statute only prohibits the use of MESC records as a basis for a libel or slander action. However, this narrow reading of M.C.L. § 421.11(b)(1); M.S.A. §17.511(b)(1) has been rejected as misplaced because *Sias* was decided prior to the statute's 1965 amendment adding the prohibition against use of MESC records and determinations in a judicial or administrative proceeding unless the MESC is a party to the action.

*Moody v. Westin Renaissance Co.,* 162 Mich. App. 743; 413 N.W.2d 96, 98 (Mich. Ct. App. 1987); *see also Wojciechowski v. Gen. Motors Corp.*, 151 Mich. App. 399; 390 N.W.2d 727, 730 (Mich. Ct. App. 1986) ("*Sias* was decided prior to the cited statute's 1965 amendment which added the prohibition against the use of MESC records and determinations in judicial or administrative proceedings unless the MESC is a party to the action. Thus, *Sias* is inapplicable to the resolution of

the instant issue.")

Plaintiff also argues that Orlando's MESC testimony is admissible because MESA limits the confidentiality of MESC materials to information that identifies an individual, and "the proposed Orlando testimony is unrelated to identifying Orlando or any other person." Resp. at 3, Pg ID 64. This argument likewise lacks merit. Plaintiff relies on the following italicized text of § 421.11(b)(1), which states:

> Information obtained from any employing unit or individual pursuant to the administration of this act . . . are confidential and shall not be disclosed or open to public inspection . . . *in any manner that reveals the individual's or the employing unit's identity or any identifying particular about any individual or any past or present employing unit or that could foreseeably be combined with other publicly available information to reveal identifying particulars*.

MICH. COMP. LAWS § 421.11(b)(1)(emphasis supplied).

Plaintiff's argument overlooks the very next sentence of the statute, which he does not address at all in his Response brief:

> However, all of the following apply: . . . (iii) Except as provided in this act, the information and determinations shall not be used in any action or proceeding before any court or administrative tribunal unless the commission is a party to the action or a complainant in the action or proceeding, or unless used for the prosecution of fraud, civil proceeding, or other legal proceeding in the programs indicated in subdivision (2).

MICH. COMP. LAWS § 421.11(b)(1). The Michigan Supreme Court has interpreted subsection (iii) of MICH. COMP. LAWS § 421.11(b)(1) to "clearly and

unambiguously prohibit[] the use of MESC information and determinations in subsequent civil proceedings unless the MESC is a party or complainant in the action." *Storey*, 429 N.W.2d at 173. Of course, this interpretation is binding on this court. *See Richmond v. Smith*, 82 U.S. 429 (1872).

Lastly, Plaintiff asserts that Defendant waived the confidentiality of the transcript. However, Plaintiff fails to develop his argument further; he merely argues that the privilege embodied in MICH. COMP. LAWS § 421.11(b)(1) can be waived. The statute that Plaintiff relies on provides:

> An individual who testifies voluntarily before another body concerning representations the individual made to the unemployment agency pursuant to the administration of this act waives any privilege under section 11 otherwise applying to the individual's representations to the unemployment agency.

MICH. COMP. LAWS § 421.11a. To the extent Plaintiff maintains that Orlando waived the confidentiality of his MESC testimony through his deposition testimony, such an argument is unavailing. Orlando's deposition testimony was not voluntary, rather it was noticed by Plaintiff and Orlando had no lawful grounds under Federal Rule of Civil Procedure 30 to refuse to attend and provide testimony at a deposition.

Moreover, providing deposition testimony does not amount to testifying "before another body." The definition of "body" in the MESC is silent, thus the Court must apply its plain and ordinary meaning. *See Smith v. United Sta*tes, 508

7

U.S. 223, 228 (1993). Body is defined as "[a] group of individuals regarded as an entity." American Heritage Dictionary of the English Language at 205 (4th ed. 2009). A deposition does not meet the plain and ordinary meaning of "body."

Based on the statutory language of MICH. COMP. LAWS § 421.11(b)(1) and the cases interpreting it, Orlando's MESC testimony is not admissible in these proceedings.

## IV. CONCLUSION

For the reasons articulated above, Defendant's Motion to Exclude Evidence [#16] is GRANTED.

SO ORDERED.

Dated: December 13, 2016                    /s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            United States District Judge


### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 13, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk